IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR S.M.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY.<br><br>Respondent. | Civil No. 1:26-cv-099153-MWJS<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 246-934-782 |

## INTRODUCTION

Petitioner Omar S.M.[1] has been in immigration detention since October 18, 2026. He now petitions pro se for a writ of habeas corpus under 28 U.S.C. § 2241, arguing, among other things, that Respondent violated his rights under the Due Process Clause of the Fifth Amendment. Dkt. No. 1, at pg. 25. He seeks either a bond hearing or immediate release. *Id*. at pgs. 29–30. Respondent answers that neither immediate release nor a bond hearing are appropriate, as Petitioner's detention is mandatory. Dkt. No. 9, at pgs. 1–2. The court agrees with Respondent and DENIES the petition for writ of habeas corpus.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr*., No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

## BACKGROUND

Petitioner entered the United States without inspection in February 2010. Dkt. No. 1, at pg. 9. In May 2025, Petitioner plead guilty to a shoplifting misdemeanor under California Penal Code § 459.5, Dkt. No. 9-4, at pg. 5, and in June 2025, Petitioner was sentenced to two years in prison on a conviction for arson under Cal. Penal Code § 451(c). Dkt. No. 9-4, at pg. 6. According to Petitioner, he was detained by immigration authorities on October 18, 2026, "without any warrant or advice" after he was "release[d] from the county jail." Dkt. No. 1. at pg. 20. He then filed this petition.

The court ordered Respondent to answer six questions about Petitioner's detention and to explain whether and why Petitioner's case is distinct from those cited in the court's order. Respondent responded to the questions and shared that Petitioner was ordered removed on October 19, 2026, but that the removal order was not yet final.[2] Dkt. No. 9, at pg. 1. Furthermore, Respondent argued that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) and (c)(1)(E). *Id.* This is because Petitioner was convicted of arson, which Respondent argues is a crime

[2] The Department of Homeland Security reserved its right to appeal on the removal order, while Petitioner waived his right to appeal. An appeal, if any, was due by November 18, 2026, Dkt. No. 9-1, at pg. 2, and as of November 23, 2026, the record shows that no appeal was received for the case. *See* EOIR Automated Case Information, *Exec. Off. for Immigr. Rev.*, https://acis.eoir.justice.gov/en/ (last visited Nov. 23, 2026). If Petitioner's final order of removal is now final, then his detention is mandatory under 8 U.S.C. § 1231. Because Respondent has not yet asserted that it is final, the court will not rely on that ground and instead will proceed to consider Respondent's argument under 8 U.S.C. § 1226(c).

involving moral turpitude, and Petitioner was convicted of burglary in violation of California Penal Code § 459.5. *Id.* Petitioner has not filed a reply.

## DISCUSSION

The court agrees with Respondent that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). Section 1226(c) mandates detention for noncitizens convicted of any "crime involving moral turpitude," *see* 8 U.S.C § 1226(c)(1)(A), or if the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting," *Id.* § 1226(c)(1)(E). Here, Petitioner qualifies for mandatory detention under at least the first ground.

Respondent points to Petitioner's 2026 conviction for arson, Cal. Penal Code § 451(c), which Respondent submit "is a crime involving moral turpitude." Dkt. No. 9, at pg. 1. The court agrees. "Arson is a crime that involves an act of baseness or depravity contrary to accepted moral standards." *Borromeo v. INS*, 213 F.3d 641, 641 (9th Cir. 2000) (cleaned up). In *Borromeo*, the Ninth Circuit court explained that "[w]hether a crime involves moral turpitude is determined by either the statutory definition or by the nature of the crime, not by the specific conduct that resulted in the conviction." *Id.* (cleaned up). While the *Borromeo* court did not refer to the underlying arson statute, it relied on *Rodriguez-Herrera v. INS*, 52 F.3d 238, 239 (9th Cir. 1995), which did. In *Rodriguez-Herrera*, the court examined the statutes underlying the counts of

arson in the first degree in violation of Washington statutes RCW §§ 9A.48.020(1)(A), (1)(B), (1)(C), *id.* at 239, and concluded that "arson necessarily involves moral turpitude is undisputed," *id.* at n.2. While the California arson statute here differs from the Washington statute in *Rodriguez-Herrera*, the California statute includes an arguably higher mens rea than the Washington one. *Compare* RCW § 9A.48.020 ("knowingly and maliciously"), *with* Cal. Penal Code § 451 ("willfully and maliciously"). Thus, if the Washington crime of arson is considered a crime involving moral turpitude, it follows that the California crime of arson is, too.

Respondent alternatively argues that Petitioner is subject to mandatory detention due to his prior burglary conviction. *See* Dkt. No. 9, at pg. 1. That argument has some force, but because Petitioner's arson conviction is a sufficient basis to conclude that his detention is mandatory, the court need not, and so does not, resolve it.

//

//

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the petition, Dkt. No. 1, is DENIED. Petitioner's application for temporary restraining order, Dkt. No. 4, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: November 23, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge